UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| DIANNE DeCRISTOFARO,<br>          Plaintiff,<br><br>         v.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA, d/b/a CIGNA<br>GROUP INSURANCE,[1]<br>          Defendant. | )<br>)<br>)<br>)<br>)   No. 1:21-cv-00184-MSM-LDA<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

The merits of this lawsuit, which challenges the termination of Plaintiff Dianne DeCristofaro's long-term disability benefits, are not yet before the Court. Instead, the present issue concerns the Plaintiff's Motion to declare that a de novo standard of review will be applied to the Court's review of the denial of those benefits; the Defendant objects, seeking instead application of an "arbitrary and capricious" standard of review.  (ECF Nos. 16, 18.)

Life Insurance Company of North America, d/b/a Cigna Group Insurance ("LINA") is the administrator of a group disability policy of Citizens Financial Group,

---

[1] The Complaint was filed against both Life Insurance Company of North America and Citizens Financial Group, Inc., but the latter was terminated as a defendant in July 2021 by voluntary dismissal. (ECF No. 13.)

1

for whom Ms. DeCristofaro worked for 27 years. In January 2018, she believed herself to have become totally disabled and claimed disability benefits. Ultimately, she collected short-term benefits[2] but LINA denied her claim for long-term benefits and denied her appeal.[3] She filed this action under federal question jurisdiction, authorized by 29 U.S.C. § 1132(a)(1)(B).[4]

The parties have been heard in argument and the Court has considered their memoranda and the authorities presented. After consideration, the Court has determined that de novo review is appropriate for the reasons explained below.

## I.   ERISA REVIEW

The Plan is an ERISA[5] Plan, as defined by 29 U.S.C. § 1002 (1), because it is an "employee welfare benefit plan" that is "maintained by an employer . . .for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . .benefits in the event of sickness, accident, [or] disability . . . ." The ERISA statute "governs the rights and responsibilities of parties in relation

---

[2] Her legal action to obtain short-term benefits was settled after the lawsuit was filed.

[3] The parties possess what they assert is conflicting evidence on the merits. Ms. DeCristofaro's treating physicians contend she cannot perform the duties of her regular occupation; consulting physicians hired by LINA report that she can with some accommodation. The outcome on the merits may well, therefore, be influenced by the standard of review.

[4] "A civil action may be brought …. by a participant …. to recover benefits due to him under the terms of his plan, …"

[5] Employee Retirement Income Security Act of 1974, 29 USCA Ch. 18 *et seq.*

to employee pension and welfare plans," *Terry v. Bayer Corp.*, 145 F.3d 28, 34 (1st Cir. 1998), and governs the standard to be employed by a Court when reviewing the denial of benefits.

Presumptively, the denial of benefits is subject to de novo review, which is what this Plaintiff seeks. *Brigham v. Sun Life of Canada,* 317 F.3d 72, 80 (1st Cir. 2003). An exception to that standard applies if the Plan gives its administrator a high level of discretion to determine qualification for benefits or to construe the terms of the Plan. *Id.* If the Plan does so, a Court must examine the adverse decision only to determine whether it was reached arbitrarily and capriciously, a standard of review commonly referred to as "deferential." *Id.* The defendant here, as the proponent of a standard of review other than the presumptive one, bears the burden of persuasion. *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir. 1999). Language granting the discretion that warrants deferential review must be "clear[]." *Rodriguez-Abreu v. Chase Manhattan Bank*, 986 F.2d 580, 583 (1st Cir. 2013). There are no magic words, but the grant of discretion to the administrator must be unambiguous and explicit. *Gross v. Sun Life Assur. Co. of Canada,* 734 F.3d 1, 16 (1st Cir. 2013); *Stephanie C. v. Blue Cross Blue Shield of Massachusetts HMO Blue, Inc.*, 813 F.3d 420, 428 (1st Cir. 2016) (a "clear grant of discretionary authority" that "*unambiguously* indicate[s] that the claims administrator has discretion to . . . determine whether benefits are due" is required) (emphasis original).

The Court's tasks, therefore, are to determine how much discretion is given the Plan administrator in this Plan, and then reach a conclusion about whether that

3

amount of discretion jettisons the presumptive de novo review in favor of the more deferential "arbitrary and capricious" one. Before that determination can be made, however, a preliminary question must be answered: to *which* documents must the Court look in deciding how much discretion the administrator has been given?

## II.   RELEVANT LANGUAGE

There are two relevant documents to scrutinize in this case. First, there is Group Policy FLK-980138 itself ("Policy") (ECF No. 16-2), which includes an Amendatory Rider. (ECF No. 16-2 at 34.)[6] Second, there is a Group Long-Term Disability Insurance Certificate ("Certificate") which contains additional language that the defendant relies on in support of its argument for deferential review. (ECF No. 16-3.)

The Policy contains one relevant passage, declaring that the proof of disability must be "satisfactory" to LINA. (ECF No. 16-2, at 20). This word has been held insufficient to support deferential review by the First Circuit. *Gross v. Sun Life Assur. Co. of Canada*, 734 F.3d at 16. In *Figueredo v. Life Ins. Co. of N. Am.*, 709 F. Supp. 2d 137, 143-44 (D.R.I. 2010), the Court relied on *Gross* to hold similar language insufficient, noting that in *Figueredo*, as with this Policy, the Plan omitted the modifier "to us" that in *Brigham* justified a deferential standard. *Id. See* discussion of ambiguous meaning of "satisfactory" in *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089-90 (9th Cir. en banc 1999), and cases cited therein.

---

[6] Page references, unless otherwise indicated, refer to the pagination of ECF, not to internal pagination of the document.

4

The Policy on its face declares that it is the "sole contract" under which benefits are paid. (ECF No. 16-2, at 34.) It also declares that "[t]he entire contract will be made up of the Policy, the application of the Employer, a copy of which is attached to the Policy, and the applications, if any, of the Insureds." (ECF No. 16-2 at 29. Nonetheless, the defendant urges the Court to look beyond the Policy to the Certificate for additional language containing, in its opinion, a sufficient grant of discretion to warrant a deferential standard of review. The Certificate, however, is not incorporated by reference into the Policy. *Compare, Bertucci v. Aetna Life Ins. Co.*, No. 19-10655, 2020 WL 49156723, at *6 (E.D. La. Aug. 21, 2020) (where Summary Plan Description (SPD) expressly incorporated into the Plan, its language may be considered). This Certificate declares itself the SPD required by ERISA to be furnished to participants and is not part of the Plan. (ECF No. 16-3, at 29 of 31.) To the contrary, the Certificate contains a disclaimer that "[it] is not the insurance contract. It does not waive or alter any of the terms of the Policy. If questions arise, the Policy will govern." (ECF No. 16-3, at 8 of 31). The defendant cannot rely on discretionary language in a document that specifically disavows setting forth terms of the Policy. *Accord, Prichard v. Metro Life Inc. Co.*, 783 F.3d 1166, 1171 (9th Cir. 2015) (where SPD and Certificate were different documents, and only the Certificate was termed a contract document, language in the SPD could not be considered on amount of discretion). *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 437 (2011) (describing an SPD as a document that gives information "*about* the plan [but] is not itself *part* of the plan" (emphasis original); *See also, Shoop v. Life Ins. Co. of N. Amer.*,

5

839 F. Supp. 2d 830, 837 (E.D. Va. 2011) (discretionary language must appear in the Plan itself and where "sole discretion" appeared only in SPD and not in Policy, LINA was not entitled to deferential review).

Even were the Court to consider the Certificate language, it is not enough. The Certificate language relied on by the defendant is in a subsection entitled "What you should do and expect if you have a claim." It reads:

> The Insurance Company shall have the authority, in its discretion, to interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact. All decisions made by the Insurance Company shall be final and binding on Participants and Beneficiaries to the full extent permitted by law.

(ECF No. 16-3, at 31.) The second sentence adds nothing to the equation: any decision is subject to judicial review and so "to the full extent permitted by law" removes absolute finality and is inconsistent with unbridled discretion. What's more, that proviso in the second sentence is consistent with *any* standard of review.

The more relevant sentence is the first, with its declaration that the Company "shall have the authority, in its discretion, . . .to decide questions of eligibility for coverage or benefits under the Plan." The grant of authority, however, does not constitute the kind of clear and explicit conferral of discretion that is necessary, as the mere power to decide does not imply discretion. *Hughes v. Life Ins. Co. of N. Amer.*, No. 18-386-JJM-LDA, 2019 WL 2717111, at *2 (D.R.I. June 28, 2019). The First Circuit has rejected the idea that the power to decide "necessarily implies the existence of discretion." *Stephanie C. v. Blue Cross Blue Shield of Massachusetts*

6

*HMO Blue, Inc.*, 813 F.3d 420, 428 (1st Cir. 2016).[7] Language granting the power to decide "falls well short" of the language required to invoke deferential review. *Id.*

The defendant puts forth one final argument that the Court rejects, asserting that the fact that LINA is named as a "fiduciary" under the plan (ECF No. 16-2, at 34) means per se it has sufficient discretion to be entitled to deferential review. But LINA would be a fiduciary under the Plan regardless of whether its discretion was narrow or broad. In *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101 (1989), the Supreme Court rejected the notion that the designation as a fiduciary necessarily conveys broad discretion. ERISA defines a fiduciary as one who "exercises any discretionary authority or discretionary control respecting management of [a] plan or exercises any authority or control respecting management or disposition of its assets." *Id.* at 113 (quoting 29 U.S.C. § 1002(21)(A)(i)). That does not mean, however, that the authority is exercised "*entirely* discretionar[ily]." *Id.* (emphasis original). The Court in *Firestone* specifically rejected the insurer's argument that the ability to exercise *some* discretion empowers it "to exercise *all* his authority in a discretionary manner subject only to review for arbitrariness and capriciousness." *Id.* Despite the administrator's status as a fiduciary in *Firestone,* the Court held that de novo review was presumptively warranted.

---

[7] To the extent that the defendant relies on *Troiano v. Aetna Life Ins. Co.*, No. 14-496-ML, 2015 WL 5775160, at *6 (D.R.I. Sept. 30, 2015), *aff'd,* 844 F.3d 35 (1st Cir. 2016), the Court finds that decision unhelpful. In *Troiano,* the district court applied a deferential standard based on language in the SPD, but the Circuit, while affirming the result, expressly reserved decision on which standard of review was appropriate, noting that the plaintiff would lose even under a de novo review. 844 F.3d at 42.

7

Even if the discretion language were sufficient, the Plaintiff contends that Rhode Island's statutory prohibition against such discretionary clauses would render the Plan's provision ineffective to justify deferential review. R.I.G.L. 1956 § 27-18-79 bans, in any "new or existing policy or certificate issued by an insurer," discretionary language

(1) "Purporting to reserve sole discretion to the insurer or health care entity to determine eligibility for benefits or interpret the terms of a policy or certificate; or
(2) Specifying or affecting a standard of review upon which a court may review denial of a claim or any other decision made by an insurance company with respect to a policyholder or certificate holder."

It provides that "[a]ny such clause or language included in a contract, policy or certificate issued to or covering a resident of this state that is contrary to or inconsistent with the provisions of this section is void and unenforceable." R.I.G.L. § 27-18-79(c).

While ERISA generally preempts state law, it exempts, or "saves," from preemption state laws regulating insurance. *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341-42 (2003). A law regulates insurance if it meets two criteria: (a) that it is directed at insurance companies and that (b) it affects the "risk pooling arrangement" by altering the scope of permissible bargains. *Id.* Statutes prohibiting discretionary language have often been held saved from ERISA's preemption. *E.g.*, *Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246, 250 n.2 (5th Cir. 2018); *Fontaine v. Metropolitan Life Ins. Co.*, 800 F.3d 883, 889 (7th Cir. 2015); *Am. Council of Life Insurers v. Ross*, 558 F.3d 600, 605-607 (6th Cir. 2009); *Standard Ins. Co. v. Morrison*, 584 F.3d 837, 845 (9th Cir. 2009).

The First Circuit has not addressed this issue,[8] but the defendant points to *Troiano v. Aetna Life Ins. Co.*, No. 14-496-ML, 2015 WL 5775160, at *6 (D.R.I. Sept. 30, 2015), *aff'd,* 844 F.3d 35 (1st Cir. 2016), as standing for the contrary: that ERISA preempts R.I.G.L. § 27-4-28, an identical statute governing life insurance policies. The district court opinion announced, in one sentence, that ERISA preempted § 27-4-28 with neither analysis nor acknowledgment of the many cases holding the opposite. The issue was evidently not raised in the appeal, as the Circuit opinion does not mention the statute itself or discretionary bans in general.[9] Thus, this Court rejects the district court's conclusion in *Troiano* as not controlling. Moreover, at least one district court within this Circuit has declared a state statutory ban on absolute discretion *not* preempted by ERISA. In *Adele E. v. Anthem Blue Cross*, 183 F. Supp. 3d 173 (D. Me. 2016), the Court reviewed the denial of benefits under a group health plan. Although the plan documents gave Anthem "complete discretion," which would otherwise "place it within [the] deferential review category," the Court held Maine's

---

[8] *Ariana M.* opined that the First Circuit's decision in *Gross* suggests it shares the view that discretionary bans are not preempted. *Ariana M.*, 884 F.3d 246, 250 n. 3.

[9] These bans are not unusual. In 2001, the National Association of Insurance Commissioners drafted a Model Act prohibiting such discretionary clauses and adopted it in 2002. NAIC, 2002 Proc. 1st Quart. Vol. I, 7, cited in *Adele E. v. Anthem Blue Cross*, 183 F. Supp. 3d 173, 178 (D. Me. 2016). *Ariana M.* refers to such statutes enacted in 26 states as of the 2018 time of that writing. *Ariana M.*, 884 F.3d at 250, n. 1.

9

ban on absolute discretion clauses effective and *not* preempted by ERISA. *Id.* at 178.[10]

There is one final gateway to pass through. LINA argues that even if it escapes preemption, the Rhode Island statute cannot be applied retrospectively to affect this Policy. It contends that the Contracts Clause prohibits retroactive statutory action that impairs rights and obligations existing before that action. The statute was enacted in June 2013, some six months after this Policy was first effective on January 1, 2013. The Policy was reissued on September 1, 2014. Rhode Island permits retroactive impact if a statute makes clear that intention. *Lawrence v. Anheuser-Busch, Inc.*, 523 A.2d 864, 869 (R.I. 1987). *See also, Arevalo v. Ashcroft*, 344 F.3d 1, 10-11 (1st Cir. 2003) (legislature must make intention clear). This statute, by its express terms, applies to "existing" policies, not simply those issued after its passage, which renders its retroactive application intentional.

Retroactive application does not violate the Contracts Clause if the change does not substantially impair rights, *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 245 (1978), and if the statute is drawn in an "appropriate and reasonable way to advance a significant and legitimate public purpose," to remedy "a broad and general social or economic problem." *Sveen v. Melin*, ___ U.S. ___, 138 S.Ct. 1815, 1822 (2018). The profusion of discretionary clause bans, like Rhode Island's, attests to the breadth of the perceived problem facing insurance consumers. To the extent

---

[10] The appeal of the *Adele* decision was dismissed voluntarily by both parties. *Adele E. v. Anthem Blue Cross and Blue Shield*, No. 16-1995, 2016 WL 9460436, at *1 (1st Cir. Nov. 1, 2016).

Rhode Island has recognized that insurance policies are contracts of adhesion, *Bush v. Nationwide Mut. Ins. Co.*, 448 A.2d 782, 784 (R.I. 1982), this statute provides a reasonable method of affording more balance to the relationship between insurer and insured.

When a policy is renewed or reissued, as this one was *after* § 27-18-79 was enacted, statutory changes are incorporated into it "to become part of the terms thereafter – unless stated otherwise." *Dallenbach v Standard Ins. Co.*, No. 2:18-cv-02024, 2020 WL 1330036, at *3 (D. Nev. Mar 24, 2020). *Accord, Johnson v. Life Ins. Co. of N. America*, No. 15-cv-0699, 2017 WL 1154027, *12-13 (D. Colo, Mar. 28, 2017) (statute would apply to policies renewed after its effective data had the statute not been expressly limited to policies "issued" after it was enacted, deliberately eschewing phrase "issued or renewed" used commonly elsewhere). Moreover, *all* the relevant events in this case happened after the statute's enactment and the renewal of the Policy. The onset of Ms. DeCristofaro's disability, the claim for benefits, and the termination of long-term benefits all occurred after enactment. *Compare, McClenehan v. MetLife*, 621 F. Supp. 2d 1135, 1143 (D. Colo. 2009), *aff'd,* 416 F. App'x 693 (10th Cir. 2011) (where all the relevant events occurred prior to the enactment of the statute, retroactive application forbidden).

### III.   CONCLUSION

The Court rejects the defendant's arguments against presumptive de novo review. The language of the Policy does not vest enough discretion in its administrator to warrant deferential review, even were auxiliary documents

11

considered. In addition, the Rhode Island statute, enacted before this Policy was reissued, can apply to prohibit such broad discretion. For these reasons, the Plaintiff's Motion to Apply De Novo Review (ECF No. 16) is GRANTED.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

Date: 6/2/2022